UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERIKA APONTE JIMENEZ, NIMER MEMBRENO :
DE ARIAS, ANGELICA DE LA ASUNCION : 24 Civ. 4158 (JS) (SIL)
AGAMEZ, and JEAN CARLOS DELGADO LEON, :
:
                Plaintiffs, :
:
       -against- :
:
BEAUTY AND FRESH NAIL SALON INC., d/b/a :
BEAUTY AND FRESH NAIL SALON, ANDREA :
AMORES, MARIA AMORES, and VICTOR :
PAGUAY, :
:
                Defendants. :
------------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Louis Pechman
Camille A. Sanchez
Vivianna Morales
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................**Error! Bookmark not defined.**

ARGUMENT .........................................................................**Error! Bookmark not defined.**

   I.    Plaintiffs Should be Awarded Fees Pursuant to Rule 37 ........**Error! Bookmark not defined.**

   II.   Plaintiffs' Attorneys' Fees are Reasonable ................................................................. 1

       A.    PLG's Clients Actually Pay Its Requested Rates ................................................... 4

       B.    Policy Supports Awarding PLG Its Regular Hourly Rates ............................... 6

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**
**Page(s)**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*,
  522 F.3d 182 (2d Cir. 2008) ............................................................................................ 4, 5, 7
*Beckman v. Keybank*,
  293 F.R.D. 467 (S.D.N.Y. 2013) ............................................................................................ 8
*Blum v. Stenson*,
  465 U.S. 886 (1984) ............................................................................................................ 4, 5
*Brown v. Green 317 Madison, LLC*, No. 11 Civ. 4466 (ENV),
  2014 U.S. Dist. LEXIS 40248 (E.D.N.Y. Feb. 4, 2014) ............................................................ 4
*Cardwell v. Davis, Polk & Wardwell, LLP*, No. 19 Civ. 10256 (GHW),
  2021 U.S. Dist. LEXIS 120145 (S.D.N.Y. June 28, 2021) ....................................................... 3
*Cheeks v. Freeport Pancake House, Inc.*,
  796 F.3d 199 (2d Cir. 2015) .................................................................................................... 9
*Creative Res. Grp. of N.J. v. Creative Res. Grp., Inc.*,
  212 F.R.D. 94 (E.D.N.Y. 2002) ............................................................................................... 3
*Deposit Guar. Nat'l Bank v. Roper*,
  445 U.S. 326 (1980) ................................................................................................................ 8
*Ebbert v. Nassau Cty.*, No. 05 Civ. 5445 (AKT),
  2011 U.S. Dist. LEXIS 150080 (E.D.N.Y. Dec. 22, 2011) ................................................. 9,10
*Espinosa v. Perez*, No. 18 Civ. 8855,
  2020 U.S. Dist. LEXIS 40829 (S.D.N.Y. Mar. 9, 2020) ......................................................... 5
*Fisher v. SD Prot. Inc.*,
  948 F.3d 593 (2d Cir. 2020) .................................................................................................... 9
*Gusman v. Unisys Corp.*,
  986 F.2d 1146 (7th Cir. 1993) ............................................................................................. 5, 7
*Holloway v. City of N.Y.*, No. 21 Civ. 3858 (AMD)(CLP),
  2024 U.S. Dist. LEXIS 175940 (E.D.N.Y. Sep. 27, 2024) ...................................................... 3
*Jackson v. Nassau Cty.*,
  602 F. Supp. 3d 352 (E.D.N.Y. 2022) ..................................................................................... 3
*Khait v. Whirlpool Corp.*, No. 06 Civ. 6381 (ALC),
  2010 U.S. Dist. LEXIS 4067 (E.D.N.Y. Jan. 20, 2010) .......................................................... 8
*Kovach v. City Univ. of N.Y.*, No. 13 Civ. 7198 (LGS),
  2015 U.S. Dist. LEXIS 73176 (S.D.N.Y. June 4, 2015) .................................................... 9, 10
*Lora v. J.V. Car Wash, Ltd.*,
  2015 U.S. Dist. LEXIS 99444 (S.D.N.Y. July 24, 2015) ......................................................... 8
*Lilly v. County of Orange*,
  910 F. Supp. 945 (S.D.N.Y. 1996) .......................................................................................... 5
*Manley v. Midan Rest. Inc.*, 14 Civ. 1693 (HBP),
  2017 U.S. Dist. LEXIS 44560 (S.D.N.Y. Mar. 27, 2017) ....................................................... 6
*Mills v. Capital One*, 14 Civ. 1937,
  2015 U.S. Dist. LEXIS 133530 (S.D.N.Y. Sept. 30, 2015) ..................................................... 5
*Perdue v. Kenny A.*,
  559 U.S. 542 (2010) ................................................................................................................ 5

*Orient Overseas Container v. Crystal Cove Seafood,* No. 10 Civ. 3166 (PGG) (GWG),
   2012 U.S. Dist. LEXIS 182821 (S.D.N.Y. Dec. 28, 2012) ....................................................... 7
*Reiter v. MTA N.Y.C. Transit Auth.*,
   457 F.3d 224 (2d Cir. 2006) ................................................................................................ 6
*Rozell v. Ross-Holst*,
   576 F. Supp. 2d 527 (S.D.N.Y. 2008) .................................................................................. 5
*Simmons v. N.Y. City Transit Auth.*,
   575 F.3d 170 (2d Cir. 2009) ................................................................................................ 4
*Stonex Grp., Inc. v. Shipman*, No. 23 Civ. 613 (JGK) (VF),
   2023 U.S. Dist. LEXIS 106868 (S.D.N.Y. June 21, 2023) .................................................. 10
*Strauch v. Comput. Scis. Corp.*, No. 14 Civ. 956 (JBA),
   2020 U.S. Dist. LEXIS 133115 (D. Conn. July 27, 2020) ..................................................... 9
*Tacuri v. Nithin Constr. Co.*, No. 14 Civ. 2908 (CBA) (RER),
   2015 U.S. Dist. LEXIS 22074 (E.D.N.Y. Jan. 21, 2015) ....................................................... 4
*Taylor v. Cooper Power & Lighting*, No. 22 Civ. 2236 (HG) (SIL),
   2025 U.S. Dist. LEXIS 133863 (E.D.N.Y. July 14, 2025) ................................................. 3, 4
*Torres v. City of New York*, No. 18 Civ. 03644 (LGS) (KHP),
   2020 U.S. Dist. LEXIS 98435 (S.D.N.Y.  June 3, 2020) ....................................................... 3
*United States v. City of New York*, No. 07 Civ. 2067 (NGG) (RLM),
   2013 U.S. Dist. LEXIS 125461 (E.D.N.Y. Aug. 30, 2013) .................................................... 7
*Williams v. Metro-North R.R.*,
   2018 U.S. Dist. LEXIS 109422 (S.D.N.Y. June 28, 2018) ............................................... 9, 10

**Rules**

Fed. R. Civ. P. 34 ............................................................................................................................ 2
Fed. R. Civ. P. 37 .................................................................................................................. 1, 2, 3

**Other Authorities**

*Engagement Agreement with City of Peekskill,* Littler Mendelson ........................................... 10

Plaintiffs Erika Aponte Jimenez, Nimer Membreno De Arias, Angelica De la Asuncion Agamez, and Jean Carlos Delgado, by their counsel Pechman Law Group PLLC, submit this fee application in connection with their successful Motion to Compel Discovery from Defendants ("Motion to Compel" or "Motion") (ECF No. 31) in which Plaintiff compelled (1) the deposition of Defendants Beauty and Fresh Nail Salon Inc. Victor Paguay, Maria Amores and Andrea Amores, and (2) written responses and production of responsive documents to Plaintiffs' First Set of Interrogatories to Defendants and First Request for the Production of Documents to all Defendants.

## I. Plaintiffs' Attorneys' Fees are Reasonable

Plaintiffs seek attorneys' fees in the amount of $6,460 in connection with their successful Motion to Compel discovery responses and depositions. *See* ECF No. 31. Plaintiffs have provided a detailed breakdown of Plaintiffs' counsel's hours and rates. (14.6 hours). *See* Morales Affirm. ¶ 21; Exhibit 1 to Morales Affirm (Attorney Billing Records). The hours expended on Plaintiffs' Motion were necessary and reasonable and should be granted in full.

"A district court exercises 'considerable discretion' in awarding attorneys' fees." *Torres v. City of New York*, No. 18 Civ. 03644 (LGS) (KHP), 2020 U.S. Dist. LEXIS 98435, *8, (S.D.N.Y. June 3, 2020) (K. Parker). To determine reasonable attorneys' fees, the Supreme Court and the Second Circuit have held that the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required—creates a "presumptively reasonable fee." *Taylor v. Cooper Power & Lighting*, No. 22 Civ. 2236 (HG) (SIL), 2025 U.S. Dist. LEXIS 133863, at *3-4 (E.D.N.Y. July 14, 2025) (collecting cases). "This method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id*.

A "reasonable hourly rate" is the "rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections* ("Arbor Hill"), 522 F.3d 182, 190 (2d Cir. 2008); *Tacuri v. Nithin Constr. Co.*, No. 14 Civ. 2908 (CBA) (RER), 2015 U.S. Dist. LEXIS 22074, at *27 (E.D.N.Y. Jan. 21, 2015). To determine the reasonable hourly rate under the lodestar approach, courts look "to the rates 'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Tacuri*, 2015 U.S. Dist. LEXIS 22074, at *27 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)); *see generally Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009).

"In addition to the parties' evidentiary submissions, the Court may consider its own experience and familiarity with the case and with rates generally charged." *Brown v. Green 317 Madison, LLC*, No. 11 Civ. 4466 (ENV), 2014 U.S. Dist. LEXIS 40248, at *15 (E.D.N.Y. Feb. 4, 2014), report and rec. adopted, No. 11 Civ. 4466 (ENV)(CLP), 2014 U.S. Dist. LEXIS 39587 (E.D.N.Y. Mar. 25, 2014).

As part of an ongoing discovery dispute between the parties, Plaintiffs' counsel was required to engage in repeated correspondence with Defense Counsel, Oleh Dekajlo regarding Defendants' overdue discovery responses and failure to confirm depositions and designate corporate representatives. *See* ECF. No. 31.

On January 23, 2025, the Parties attended a conference in front of Judge Steven I. Locke, where the court entered the Parties' proposed discovery schedule setting response dates to discovery requests and a deadline to complete depositions. *See* ECF No. 22. Those deadlines were subsequently ignored. Following several additional unsuccessful attempts to obtain responses, on April 22, 2025, Plaintiffs' counsel submitted a status letter outlining the remaining discovery disputes, specifically that Defendants had not produced any discovery whatsoever. The Parties subsequently attended a status

2

conference with Judge Locke on April 25, where Defendants were ordered to serve all discovery responses no later than May 9, 2025. On May 19, Defendants produced incomplete payroll records. Additionally, Defendants did not respond to Plaintiff's First Set of Interrogatories or provided written responses to Plaintiff's First Set of Document Requests. On May 19 and May 27, the undersigned emailed Defendants' counsel regarding the missing discovery, but received no response. Plaintiffs' counsel subsequently filed another status letter to the court on June 9, 2025, regarding the missing discovery, and requested leave to file a motion for sanctions. *See* ECF. No. 27. On June 17, 2025, the Parties attended a status conference in which the Court granted Plaintiffs' motion for leave to file a motion for sanctions and noted that Defendants had violated the Court's previous order. *See* ECF No. 28. On June 20, 2025, Defendants produced written responses to Plaintiff's Document Requests but did not provide the missing payroll documents, or written responses to Plaintiff's Document Requests. Plaintiff's counsel subsequently attempted to reach Defendants' counsel via e-mail and telephone several times but received no response. On July 16, 2025, the Parties attended a status conference where Judge Locke amended discovery deadlines and set a depositions deadline of September 30, 2025. *See* ECF No. 30. Plaintiff's counsel served Defendants with deposition notices on July 28, 2025, and reminded Defendants' counsel that there was still outstanding discovery. After several attempts to meet and confer with Defendants, with no response, Plaintiffs' counsel was subsequently compelled to prepare and submit a pre-motion letter to the Court outlining the remaining discovery disputes. *See* ECF. No. 31.

At the status conference on October 6, 2025, counsel for Defendants did not appear, and the Court granted Plaintiffs' motion to compel, motion for sanctions, and motion for attorney's fees. *See* ECF. No. 32. Plaintiffs' counsel proceeded to draft and file the Motion

3

for Attorney's Fees, which includes the Notice of Motion, Memorandum of Law, Affirmation in Support, and accompanying exhibits. Ms. Sanchez contributed to the preparation of this motion through legal research, drafting, and editing.

### A. PLG's Clients Actually Pay Its Requested Rates

Unlike other members of the FLSA plaintiffs' bar in New York City, PLG regularly represents both employers and employees in wage-and-hour litigation. PLG's defense clients, including Fortune 500 companies, actually pay for the firm's legal services at each attorney's full hourly rate set forth in this Application. *See* Morales Affirm. ¶ 19. *See Mills v. Capital One*, 14 Civ. 1937, 2015 U.S. Dist. LEXIS 133530, at *31 (S.D.N.Y. Sept. 30, 2015) (H. Pitman) ("The hourly rates used in making a fee award should be 'what a reasonable, paying client would be willing to pay.'") (citing *Arbor Hill* 522 F.3d at 184); *see also Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("The best measure of the cost of an attorney's time is what that attorney could earn from paying clients."); *Rozell v. Ross-Holst,* 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) (J. Francis) ("[T]he range of rates that plaintiff's counsel actually charge their clients . . . is obviously strong evidence of what the market will bear."); *Lilly v. County of Orange*, 910 F. Supp. 945, 949 (S.D.N.Y. 1996) ("The actual rate that counsel can command in the market place is evidence of the prevailing market rate."). As the Supreme Court has noted, "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (emphasis in original). Consistent with *Perdue*, the rates PLG's hourly-paying clients actually pay PLG is the best measure of its fees, rather than any fictitious rate awarded to contingency-fee attorneys in this District whose clients never pay by the hour.

4

A reasonable hourly rate should be "'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation,'" with the "community" defined as the district in which the court sits. *Blum*, 465 U.S. at 895 *n.11* (1984); *see also Perdue*, 559 U.S. at 551 ("[T]he lodestar looks to 'the prevailing market rates in the relevant community.") (citation omitted).

In this regard, PLG's attorneys should be at the top end of the range of fees awarded to wage-and-hour attorneys. Commensurate with PLG's experience and the regular hourly rate which PLG charges its clients, Plaintiffs respectfully request attorneys' fees at the following rates for the attorneys involved in this litigation: (1) $600.00 for Vivianna Morales, and (2) $400 for Camille Sanchez. *See* Morales Affirm. ¶ 21. Rates are awarded at the hourly rate that is current at the time of the award to account for the delay between the time services are rendered and the fees recovered. *See Reiter v. MTA N.Y.C. Transit Auth.*, V F.3d 224, 232 (2d Cir. 2006). Each attorney's biography, outlining his or her extensive experience in wage-and-hour litigation, is set forth in the Morales Declaration. Morales Affirm. ¶¶ 16-20.

The requested rates are the hourly rates actually charged to and paid by PLG clients for work performed in the Southern District and are therefore reflective of the prevailing market rate. *See generally Arbor Hill*, 522 F.3d at 190; Morales Affirm. ¶ 15. As noted by the Seventh Circuit, "lawyers who fetch above-average rates are presumptively entitled to them, rather than some rate devised by the court." *Gusman*, 986 F.2d at 1150–51. This is consistent with *Arbor Hill*, in which the Second Circuit instructed district courts to evaluate a fee request in light of "*all* the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190. PLG's rates are reasonable and appropriate because of the skill of the professionals who represented Plaintiffs as supported by its

hourly clients' payment of those rates, and the Court may award such fees under the *Johnson* factors. *See United States v. City of New York*, No. 07 Civ. 2067 (NGG) (RLM), 2013 U.S. Dist. LEXIS 125461, at *25-28 (E.D.N.Y. Aug. 30, 2013) (approving fee application where "partner-level attorneys litigating their case have extensive experience in civil rights practice").

The rates paid by PLG's defense clients is the best evidence of the reasonable rates here. It is no secret that low-wage workers who are victims of wage theft do not pay a "reasonable hourly rate." Rather, private attorneys take these cases on a contingency basis. To be clear, the "reasonable paying FLSA client" is an oxymoron because a low-wage worker who was the victim of wage theft has never been an hourly-paying client of any attorney in New York City. *See, e.g.*, *Orient Overseas Container v. Crystal Cove Seafood*, No. 10 Civ. 3166 (PGG) (GWG), 2012 U.S. Dist. LEXIS 182821, at *29 (S.D.N.Y. Dec. 28, 2012) ("[C]ase law notes that '[t]he appropriate measure is the market rate for [the attorney's] services by clients who can afford them, not [the] client's perceived ability to pay.'"). Where a law firm has a history of hourly-paying clients paying actual hourly rates, this Court should deem that rate presumptively reasonable. There is no basis to rely on a fictional market rate for a fictional hourly-paying wage theft client where, as here, counsel has a well-established hourly rate paid by both individuals and companies.

B. **Policy Supports Awarding PLG Its Regular Hourly Rates**

Public policy supports approval of PLG's actual hourly rates. The FLSA and NYLL are remedial statutes designed to protect low-wage workers. The purpose of private lawsuits, such as the one here, is to encourage "private attorney[s] general" to seek redress for violations and discourage future misconduct against low-wage workers. *See, e.g.*, *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338–39 (1980); *Beckman v. Keybank*, 293 F.R.D. 467, 477 (S.D.N.Y. 2013); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381 (ALC), 2010 U.S.

6

Dist. LEXIS 4067, at *23 (E.D.N.Y. Jan. 20, 2010) ("Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk.").

As noted, unlike other members of the FLSA plaintiffs' bar in New York City, PLG regularly represents both employers and employees in wage-and-hour litigations. PLG's defense clients actually pay for the firm's legal services at each attorney's full hourly rate requested in this application. *See, e.g., Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. LEXIS 99444, at *21 (S.D.N.Y. July 24, 2015) ("ADK's requested rates are the amounts that [both attorneys] actually charge to their hourly-paying clients in other employment matters."). PLG's attorneys provide the same quality advocacy to all clients, regardless of whether they are waitresses at a restaurant in Astoria, a managing director at Goldman Sachs, or a Fortune 500 company. For instance, in 2025, Vivianna Morales is currently representing a range of clients in litigation before the Southern and Eastern Districts of New York, including Mexican restaurants in Astoria and Sunnyside, a residential cooperative on the Upper West Side, and a Spanish restaurant in the West Village, all of whom are paying the hourly rates requested in this matter. Ms. Sanchez is also representing a private employer in Brooklyn who is paying the hourly rates requested in this matter. It simply makes no sense for PLG to receive a lower rate for the legal services it provides to exploited workers than it does from those paying clients—particularly when it takes plaintiff-side cases on a contingency-basis that presents the risk of no collection at all.

There is also no reason for employment lawyers who handle wage and hour matters to generally receive a lower hourly rate than employment lawyers who handle discrimination cases. *See Williams v. Metro-North R.R.*, 2018 U.S. Dist. LEXIS 109422, *20 (S.D.N.Y. June 28, 2018) (K. Parker) (awarding Outten & Golden LLP senior partners $800

7

per hour where there were other decisions that had found the rates reasonable, the specific features of the case, and evidence that clients paid those rates); *see also Ebbert v. Nassau Cty.*, No. 05 Civ. 5445 (AKT), 2011 U.S. Dist. LEXIS 150080, at *43, 51 (E.D.N.Y. Dec. 22, 2011) (awarding partner $700 per hour in civil rights matter); *see also Kovach v. City Univ. of N.Y.*, No. 13 Civ. 7198 (LGS), 2015 U.S. Dist. LEXIS 73176, at *6–7, 13-16 (S.D.N.Y. June 4, 2015) (accepting proposed partner rate of $700 per hour in discrimination case). The general pattern of courts applying a lower billable range in wage-and-hour matters has no basis in law, particularly considering the "unique policy considerations" underlying the FLSA and the statute's "remedial and humanitarian goals." *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 604 (2d Cir. 2020) (reviewing precedent arising "[i]n the context of analogous civil rights legislations" to examine attorneys' fees awards in a FLSA case).

PLG's rates are consistent with other judicially awarded rates in New York City civil rights and employment law cases. *See Strauch v. Comput. Scis. Corp.*, No. 14 Civ. 956 (JBA), 2020 U.S. Dist. LEXIS 133115, at *26 (D. Conn. July 27, 2020) (awarding an out-of-district hourly rate of $750 for partners); *Williams*, 2018 U.S. Dist. LEXIS 109422, *20; *Ebbert*, No. 05 Civ. 5445 (AKT), 2011 WL 6826121, at *16, 18; *Kovach,* 2015 U.S. Dist. LEXIS 73176, at *6–7, 13-16.

Finally, it bears noting that the rates charged by PLG are modest compared to rates charged by and awarded to other labor and employment attorneys with less experience. *See e.g. Engagement Agreement with City of Peekskill,* Littler Mendelson, available at: https://www.cityofpeekskillny.gov/DocumentCenter/View/2531/City-of-Peekskill-Engagement-Agreement-2025---Littler (last visited September 25, 2025) (reflecting a 2025 rate of $1,155 for Littler Partner Craig Benson, who graduated law school in 1986); *see also*

8

*Stonex Grp., Inc. v. Shipman*, No. 23 Civ. 613 (JGK) (VF), 2023 U.S. Dist. LEXIS 106868, at *2-3 (S.D.N.Y. June 21, 2023) (V. Figueredo) (awarding hourly rate of $1,285.50 to Proskauer partner Lloyd Chinn, who graduated law school in 1992 and hourly rate of $800 to a senior associate).

## CONCLUSION

For the foregoing reasons, the Court should enter an Order granting Plaintiffs' instant motion for attorneys' fees in its entirety.

Dated: New York, New York
      October 31, 2025

                                  PECHMAN LAW GROUP PLLC

                                  */s/ Camille A. Sanchez*
                                  Camille A. Sanchez
                                  Vivianna Morales
                                  Louis Pechman
                                  488 Madison Avenue, 17th Floor
                                  New York, NY 10022
                                  sanchez@pechmanlaw.com
                                  morales@pechmanlaw.com
                                  pechman@pechmanlaw.com
                                  *Attorneys for Plaintiffs*